IN THE COURT OF APPEALS OF TENNESSEE

FILED

October 30, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| STEWART WAYNE PAIT, | ) C/A NO. 03A01-9704-CH-00142 |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| | ) |
| | ) APPEAL AS OF RIGHT FROM THE |
| v. | ) SEVIER COUNTY CHANCERY COURT |
| | ) |
| | ) |
| | ) |
| CITY OF GATLINBURG, TENNESSEE | ) |
| and HARRY MONTGOMERY, | ) |
| | ) HON. CHESTER S. RAINWATER, JR., |
| Defendants-Appellees. | ) CHANCELLOR |

For Appellant                          For Appellees

STEWART WAYNE PAIT, Pro Se            RONALD E. SHARP
Pikeville, Tennessee                  Sharp & Ripley
                                      Sevierville, Tennessee

O P I N I O N

AFFIRMED AND REMANDED                                    Susano, J.

Stewart Wayne Pait (Pait), an inmate at the Southeastern Tennessee State Regional Correctional Facility, filed suit against the City of Gatlinburg and its Chief of Police seeking access to police files pertaining to his two criminal cases. Pait's action was filed pursuant to T.C.A. §§ 10-7-503(a) (Supp. 1996) and 10-7-505(a), which provide for inspection of public records by "any citizen" of Tennessee. The defendants filed a motion to dismiss the complaint on the ground that, as a result of Pait's felony convictions, he was not a "citizen" within the meaning of T.C.A. §§ 10-7-503(a) and 10-7-505(a). The trial court granted the defendants' motion, and Pait appealed, arguing that his convictions do not exclude him from the ambit of T.C.A. §§ 10-7-503(a) (Supp. 1996) and 10-7-505(a). We affirm.

Pait was convicted in 1990 of two felonies -- forgery and solicitation to commit first degree murder. As required by statute, the judgments of conviction provide that Pait is rendered infamous. *See* T.C.A. § 40-20-112 ("Upon conviction for any felony, it shall be the judgment of the court that the defendant be infamous..."). As a result, Pait is no longer eligible to vote. *Id.*

Subsequent to his incarceration, Pait sought to obtain documents relative to his two criminal cases. In response to his request, the Gatlinburg Police Department furnished various documents, maintaining that such documents represented all relevant material in its possession. Not satisfied that his request had been fully complied with, Pait filed suit under T.C.A. § 10-7-505(a).

2

The relevant statutes provide, in pertinent part, as follows:

> All state, county and municipal records... except any public documents authorized to be destroyed by the county public records commission in accordance with § 10-7-404, shall at all times, during business hours, be open for personal inspection by any *citizen* of Tennessee, and those in charge of such records shall not refuse such right of inspection to any *citizen*, unless otherwise provided by state law.

T.C.A. § 10-7-503(a) (Supp. 1996)(emphasis added).

> Any *citizen* of Tennessee who shall request the right of personal inspection of any state, county or municipal record as provided in § 10-7-503, and whose request has been in whole or in part denied by the official and/or designee of the official or through any act or regulation of any official or designee of any official shall be entitled to petition for access to any such record and to obtain judicial review of the actions taken to deny the access.

T.C.A. § 10-7-505(a)(emphasis added).

The defendants argue that by virtue of the fact that Pait has been rendered infamous and has lost his right to vote, he is no longer a "citizen", as contemplated by T.C.A. §§ 10-7-503(a)(Supp. 1996) and 10-7-505(a). This position has been adopted by all three sections of this court, in cases involving factual scenarios similar to that of the instant case. *See Ray v. Stanton*, C/A No. 88-285-II, 1989 WL 14135 (Tenn.App., W.S., filed February 24, 1989, Crawford, J.); *Bradley v. Fowler*, C/A No. 1387, 1991 WL 25929 (Tenn.App., E.S., filed March 4, 1991,

3

Goddard, J.); and **Cole v. Campbell**, C/A No. 01A01-9603-CH-00140, 1996 WL 724920 (Tenn.App., M.S., filed December 18, 1996, Lewis, J.).[1]

Based on the foregoing decisions of this court, we find and hold that Pait is not a "citizen" within the meaning of T.C.A. §§ 10-7-503(a)(Supp. 1996) and 10-7-505(a) and hence has no standing to bring this action. Therefore, his claim was properly dismissed by the trial court. In so holding, we recognize that a member of this court has opined that the analysis underlying the above decisions is faulty. *See **Cole***, 1996 WL 724920 at *2-4 (Koch, J., dissenting). However, until such time as the Supreme Court holds otherwise, we feel bound by the precedent established by the three sections of this court.

The judgment of the trial court is affirmed. Costs on appeal are assessed to the appellant. This case is remanded to the trial court for collection of costs assessed there, pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

CONCUR:

_____
Houston M. Goddard, P.J.

_____
William H. Inman, Sr.J.

_____

[1]Apparently, permission to appeal to the Supreme Court was not sought in any of these cases.

4